**Opinion filed April 2, 2020**



### In The

# Eleventh Court of Appeals

_____

## No. 11-18-00051-CV

_____

## CITY OF ALBANY, Appellant
## V.
## DIANA CHRISTINE BLUE AND ELVA RAE SANDERS,
## Appellees

**On Appeal from the 259th District Court**
**Shackelford County, Texas**
**Trial Court Cause No. 2017-035**

### MEMORANDUM OPINION

Appellees, Diana Christine Blue and Elva Rae Sanders, sued Appellant, the City of Albany, for nuisance and inverse condemnation under the Texas Constitution. *See* TEX. CONST. art. I, § 17. Appellant filed a plea to the jurisdiction based on governmental immunity, which the trial court denied. In this interlocutory appeal, Appellant argues that the plea to the jurisdiction should have been granted because the Appellees failed to allege facts which, if accepted as true, show that Appellant acted with the requisite level of intent to establish claims under Article I, section 17 of the Texas Constitution. We hold that Appellees did not properly plead

their claims but must be afforded an opportunity to amend their pleadings. We reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion.

## Background Facts

In 2014, Appellant began construction of a drainage and improvement project for the city-owned golf course. Appellees own property adjacent to the golf course. Appellees allege that Appellant's construction altered the natural flow of surface water on Appellant's property, which now results in Appellees' property being flooded during major rainstorms. Appellees also claim that the flooding has washed away the topsoil and grass on their property, leaving potholes and earthen cracks, as well as damage to the foundations of Appellees' homes.

As a result, Appellees sued Appellant for nuisance and inverse condemnation.[1] In their original petition, Appellees alleged that Appellant "knew that its actions would cause identifiable harm, or that specific property damage was and is substantially certain to occur." Appellant subsequently filed a plea to the jurisdiction asserting that Appellees' claims were barred by governmental immunity. The trial court denied Appellant's plea to the jurisdiction, and Appellant now appeals that decision.

## Analysis

In one issue on appeal, Appellant argues that the trial court erred in denying Appellant's plea to the jurisdiction because Appellees "did not allege facts which, if accepted as true, show that [Appellant] acted with the heightened level of intent required." Appellees insist that the plea to the jurisdiction was properly denied because they alleged sufficient facts as required to bring valid claims of inverse condemnation and nuisance.

---

[1]Appellees also asserted a cause of action under Section 11.086 of the Texas Water Code, which was abandoned on the record at the plea-to-the-jurisdiction hearing.

Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction unless the State expressly consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because governmental immunity implicates the trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

A plea to the jurisdiction is a dilatory plea; the purpose is to defeat a cause of action without regard to whether the asserted claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. Thus, we review a trial court's ruling on a plea to the jurisdiction de novo. *Id.*

When a plea to the jurisdiction challenges only the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* We must accept the allegations in the pleadings as true and construe them liberally in the plaintiff's favor. *Id.*; *see also Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Heckman v. Williamson Cty*, 369 S.W.3d 137, 150 (Tex. 2012) ("We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent."); *Univ. of Tex. at El Paso v. Esparza*, 510 S.W.3d 147, 154 (Tex. App.—El Paso 2016, no pet.). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the

existence of jurisdiction, then a plea to the jurisdiction can be granted without allowing an opportunity to amend. *Id.*

If a plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. "If there is no question of fact as to the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). "If, however, the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder." *Id.*

Here, Appellant's plea to the jurisdiction only challenged Appellees' pleadings. Appellant did not, and has not, presented any evidence challenging jurisdictional facts. Thus, we are required to take Appellees' allegations as true, construe them liberally in Appellees' favor, and determine if Appellees have alleged facts that affirmatively demonstrate jurisdiction. *See Miranda*, 133 S.W.3d at 226.

In Appellees' original petition, Appellees alleged a claim for nuisance and a claim for inverse condemnation based on the damage to Appellees' property. For both claims, Appellees allege that the damage amounts to a constitutional taking under Article I, section 17 of the Texas constitution.

Under Article I, section 17, "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. art. I, § 17(a). Sovereign immunity does not shield the government from liability for compensation under the takings clause. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). Generally, a plaintiff seeking recovery for a taking must prove that (1) the State intentionally performed certain acts, (2) which resulted in a "taking" of the plaintiff's property, (3) for public use. *City of Abilene v. Smithwick*, 721 S.W.2d

4

949, 951 (Tex. App.—Eastland 1986, writ ref'd n.r.e.). The intent element is satisfied if it is shown that the government "(1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action—that is, that the damage is 'necessarily an incident to, or necessarily a consequential result of' the government's action." *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004) (quoting *Tex. Highway Dep't v. Weber*, 219 S.W.2d 70, 71 (Tex. 1949)). A taking cannot be established by proof of mere negligent conduct by the government. *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex. 2004).

Appellant argues that the trial court erred when it denied Appellant's plea to the jurisdiction as it related to the inverse condemnation claim because Appellees failed to allege a valid claim for inverse condemnation. "Inverse condemnation occurs when (1) a property owner seeks (2) compensation for (3) property taken for public use (4) without process or a proper condemnation proceeding." *City of Houston v. Norcini*, 317 S.W.3d 287, 292 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Villarreal v. Harris Cty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). "To state a cause of action for inverse condemnation under the Texas constitution, a plaintiff must allege (1) an intentional governmental act; (2) that resulted in his property being taken, damaged, or destroyed; (3) for public use." *City of Abilene v. Carter*, No. 11-11-00137-CV, 2012 WL 1579786, at *3 (Tex. App.—Eastland May 3, 2012, pet. denied) (mem. op.); *see* Tex. Const. art. I, § 17(a).

Appellant asserts that Appellees failed to allege facts that show an intentional act of Appellant. "[I]f the government knows that specific damage is substantially certain to result from its conduct, then takings liability may arise even when the government did not particularly desire the property to be damaged." *Jennings*, 142 S.W.3d at 314. Thus, when a governmental entity physically damages private

5

property in order to confer a public benefit, that entity may be liable under Article I, section 17 if it (1) knows that a specific act is causing identifiable harm or (2) knows that the specific property damage is substantially certain to result from an authorized government activity—that is, that the damage is "necessarily an incident to, or necessarily a consequential result of" the government's action. *Weber*, 219 S.W.2d at 71; *accord Gragg*, 151 S.W.3d at 555.

Here, Appellees did not sufficiently plead their inverse condemnation claim. Viewed in the light most favorable to Appellees, their pleadings fail to allege an intentional act by Appellant rising to the level required to maintain a claim for inverse condemnation. Appellees merely allege that "[Appellant] knew that its actions would cause identifiable harm, or that specific property damage was and is substantially certain to occur." However, conclusory statements in a pleading are insufficient to establish jurisdiction. *See Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007); *Wharton Cty. v. Genzer*, No. 13-06-078-CV, 2007 WL 4442445, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 20, 2007, no pet.) (mem. op.) ("[T]hough this Court is to construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent, this should not require that we create and add facts to the plaintiffs' pleadings so that the trial court's jurisdiction is invoked."). Because Appellees failed to allege sufficient facts to demonstrate that Appellant acted with the intent required to maintain a cause of action for a takings, we conclude that Appellees did not demonstrate the court's jurisdiction over their inverse condemnation claim.

As for Appellees' nuisance claim, Appellant similarly contends that the trial court erred when it denied Appellant's plea to the jurisdiction in connection with Appellees' nuisance claim because Appellees failed to allege an intentional government act.

"Governmental liability for nuisance arises from Article I, section 17 of the Texas Constitution." *Carter*, 2012 WL 1579786, at *4. "[A] city may be held liable for a nuisance that rises to the level of a constitutional taking." *Jennings*, 142 S.W.3d at 316 (citing *City of Abilene v. Downs*, 367 S.W.2d 153, 159 (Tex. 1963)). As explained above, a governmental entity may be liable for an unconstitutional taking when it "(1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action—that is, that the damage is 'necessarily an incident to, or necessarily a consequential result of' the government's action." *Karnes City v. Kendall*, 172 S.W.3d 624, 627 (Tex. App.—San Antonio 2005, pet. denied) (quoting *Jennings*, 142 S.W.3d at 314).

Here, Appellees failed to sufficiently plead that Appellant had the requisite intent to establish a nuisance claim under Article I, section 17 of the Texas constitution. In their pleading, Appellees state:

> [Appellees] would show that [Appellant] has created a nuisance; that is a condition that substantially interferes with the use and enjoyment of [Appellees'] real property, causing unreasonable discomfort and annoyance to [Appellees]. The damage done to [Appellees'] property as a direct result of this nuisance arises to the level of a constitutional taking, actionable under Article 1, § 17 of the Texas Constitution.

As with Appellees' inverse condemnation claim, Appellees merely provided conclusory statements regarding their nuisance claim. But such conclusory statements are still insufficient to establish jurisdiction. *Wharton Cty.*, 2007 WL 4442445, at *3. Accordingly, we conclude that Appellees did not demonstrate the trial court's jurisdiction over their nuisance claim.

In sum, we hold that Appellees' petition does not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction over either Appellees' inverse

condemnation claim or their nuisance claim.[2]  However, in this case, the trial court did not determine that Appellant's plea to the jurisdiction was meritorious. Consequently, Appellees were not put on notice that their pleadings were deficient. In this case, Appellees' pleadings do not affirmatively demonstrate incurable defects in jurisdiction.  *See Brown*, 80 S.W.3d at 558–59.  The pleading defect in this case is not the type that can never be cured.  It may be possible that, given the opportunity to amend its pleadings, Appellees may be able to state a viable cause of action.  *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007).  As a result, and because we have determined that Appellees' pleadings do not affirmatively demonstrate an incurable jurisdictional defect, but merely a pleading deficiency, we conclude that Appellees should be afforded an opportunity to amend their pleadings. *See Wharton Cty.*, 2007 WL 4442445, at *4.  Consequently, we sustain in part Appellant's sole issue.

## This Court's Ruling

We reverse the judgment of the trial court and remand the cause for further proceedings in accordance with this opinion.

April 2, 2020                                                             KEITH STRETCHER

Panel consists of: Bailey, C.J.,                              JUSTICE
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]We agree with the statement contained in Footnote No. 30 of *Wharton County v. Genzer*:

> In making our holding today, we do not wish to signify that in order to invoke the trial court's jurisdiction in a suit against a governmental unit, a plaintiff's petition must contain every minute factual detail relating to a claim.  The lack of factual details in the instant case is, for reasons already discussed, peculiarly problematic.  While it is our desire to construe pleadings in a manner so as to do substantial justice, we must remain cautious that we are not inevitably protracting the administration of justice in the process.

*Wharton Cty.*, 2007 WL 4442445, at *3 n.30.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.